DECISION
Trial was held in this matter on February 2, 2010, in Salem, Oregon. David A. Devine, Real Estate Broker and Appraiser, represented Plaintiff. Testifying as Plaintiff's witnesses were: AJ Kenney, Environmental Expert; Michael Rotsolk, Wetland Specialist; and Terry L. Hancock, Real Estate Broker. Appearing for Defendant was Brian A. Linke, County Appraiser.
 I. PRELIMINARY MATTERS
Plaintiff's representative intended to submit certain sales data information as Exhibit 2. Despite several attempts, it was not provided to Defendant in a timely manner. Defendant objected prior to trial and renewed the objection at the outset of trial. After some discussion, the court excluded the information pursuant to TC-MD Rule 10. The sales information was not received nor considered in the evaluation of this appeal.
Also excluded was what was marked as Plaintiff's Exhibit Three, a pair of eyeglasses. The court determined it was not relevant to the proceedings.
 II. STATEMENT OF FACTS
The subject property is a triangular shaped parcel of land located within the city limits of McMinnville, Oregon. It totals about four acres. For the 2008-09 tax year at issue, the Yamhill County Board of Property Tax Appeals (BOPTA) set the real market value (RMV) at $1,481,607. *Page 2 
Plaintiff, in its Complaint, seeks a reduction of RMV to $806,000. Plaintiff's trial presentation concluded $655,000 RMV.
Near the assessment date, Plaintiff attempted to sell the subject land. Negotiations hovered at a price level between $1,250,000 ($7.17 per square foot) and $1,450,000 ($8.32 per square foot). (Ptf's Ex 1 at 6.)
The parties spoke of an independent appraisal report prepared by John P. Totten, MAI. It was made part of the record as Defendant's Exhibit K. It concluded an RMV of $1.395 million as of March 3, 2008. (Def's Ex K at 37.) Plaintiff attempted to discredit that appraisal by speaking to subsequent discoveries as to wetlands and the like.
The zoning is C-3, general commercial. There were no contamination issues apparent on the assessment date. (Ptf's Ex 1 at 3.) The parties concur that the land's highest and best use is for commercial purposes. They also each relied on a sales comparison approach to value.
Defendant presented evidence of four land sales that occurred in the area. After adjustments for time, the price per square foot ranged from $3.30 to $14.76. (Def's Ex M at 14.) In his evaluation, the appraiser concluded a value of $8.50 per square foot for the subject, which totals $1,481,607 RMV. (Id. at 2.)
The owner's arguments and approaches focused on the market approach to value. Plaintiff's Exhibit 1 at 14 stated that "[t]he Sales Comparison Approach has primary relevance tothis Appraisal." (Emphasis in original). Plaintiff's chief sales evidence was excluded at trial pursuant to TC-MD Rule 10. As such, there was no documented sales data to examine. Instead, *Page 3 
Plaintiff's witnesses spoke of perceived difficulties at the site and offered criticisms of Defendant's information.
Plaintiff offered a pro forma income approach to value. After corrections at trial, the conclusion was $657,511 RMV, or $590 per square foot. Plaintiff concluded, as stated in its Exhibit 1, that "[t]he Income Approach had slight relevance tothis Appraisal." (Ptf's Ex 1 at 14.) (Emphasis in original).
Plaintiff expressed concern with the potential for designated wetlands affecting the subject property. The representative argued that nearly 50 percent — or two acres — of the total is "unusable." Much of the testimony focused on events and activities far past the January 1, 2008, assessment date.
 III. ANALYSIS
The court's objective is to determine the RMV of Plaintiffs' property as of the January 1, 2008, assessment date. ORS 308.205(1)[1] defines real market value as:
 "Real market value of all property, real and personal, means the amount in cash that could reasonably be expected to be paid by an informed buyer to an informed seller, each acting without compulsion in an arm's-length transaction occurring as of the assessment date for the tax year."
"The court looks for arm's length sale transactions of property similar in size, quality, age and location" to the subject property in order to reach a correct RMV. Richardson v. Clackamas CountyAssessor, TC-MD No 020869D, WL 21263620 *3 (Mar 26, 2003).
Plaintiff presented minimal sales evidence to support the large reduction requested. Without that foundation, there is no reliable record for the court to review. While the *Page 4 
representative presented some interesting opinions and beliefs about the property, more documentation and objective information is required.
Plaintiff attempted to discredit Defendant's information. That is not sufficient to warrant a reduction. As stated inPoddar v. Dept. of Rev.,18 OTR 324, 332 (2005) (citation omitted), "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the RMV of their property."
The primary valuation evidence introduced at trial consists of the four sales contained in Defendant Exhibit M. Also in evidence, but not examined in detail, was MAI Totten's substantial report concluding $1,395,000 RMV. (Def's Ex K at 2.) Collectively, they more than adequately support the level sustained by the Yamhill County BOPTA.
Plaintiff has the burden of proof and must establish its case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. ofRevenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev.,310 Or 260, 265, 798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, the appeal must be denied.
 IV. CONCLUSION
Plaintiff has not submitted sufficient valuation evidence to support an assessment reduction for the 2008-09 tax year. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ____ day of September 2010.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Jeffrey S. Mattsonon September 21, 2010. The Court filed and entered this documenton September 21, 2010.
[1] All references to the Oregon Revised Statutes (ORS) are to 2007.